Hay, J.
The action was brought to recover the possession of a steamboat. Both parties claim under Samuel Gamage. The plaintiff purchased the boat, July 7, 1864, for a sum which was to be applied on a debt due to him from Gamage. He took a bill of sale of the boat, but did not procure it to be recorded in the office of the collector of customs, where the boat was registered, until the 29th day of that month. In the mean time — on the 20th day of the same month — • the defendant attached the boat as the property of Gamage, to satisfy a debt of the defendant against him, which was then in suit.
It is not disputed but that the bill of sale, as between the ¡plaintiff and Gamage, transferred the boat to the plaintiff. But it is claimed on the part of the defendant, that the bill -of sale was void as to the Insurance Company, and that it ■might, therefore, attach the boat as the property of Gamage. 'This claim is based on the first section of the act of Congress of July 29, 1850 (9 U. S. Stat. at large, 440), which is as follows:
“No bill of sale, mortgage, hypothecation, or conveyance .-of any vessel or part of any vessel of the United States shall -be valid against any person other than the grantor or mortgagor, his heirs and devisees, and persons having actual noitice thereof; unless such bill of sale, mortgage, hypotheca *483 tion, or conveyance be recorded in tbe office of tbe collector of customs where such vessel is registered or enrolled.”
It is not disputed but that the steamboat in question navigating the Ohio river, and enrolled according to law, was a “vessel of the United States,” within the meaning of this section. It is explicitly provided that no till of sale or convey anee of any such vessel shall be valid against any person, other than the grantor, Ms heirs or devisees, and persons having actual notice thereof, unless it te recorded. The defendant was neither the heir nor devisee of Gamage, the grantor of the plaintiff. Unless, then, the defendant (through its officers or agents) had actual notice of the sale to the plaintiff, the conveyance was, according to the. clear and plain reading of the statute, invalid, as to the defendant, at the time of the attachment, which was before the bill of sale was recorded.
But the record shows that the defendant, as a matter of fact, had no “actual” notice of the sale to the plaintiff, at the time of the attachment, nor any notice thereof whatever, unless the facts as found amount in law to notice. There was no such change of possession after the sale, or other fact made to appear, as would warrant the inference of notice of the sale to either the defendant’s agents or to the sheriff; for the boat remained after the sale in charge of the same officers as before; and when it was attached, it remained in charge of the watchman alone, who held the same position both before and after the sale. But, however tMs may be, the notice contemplated by the statute is actual notice, as distinguished from constructive notice. Actual notice is a fact to be found upon evidence, and is not merely a legal inference from other established facts; therefore, the finding of the fact by the court, that the defendant had no actual notice of the sale, is conclusive. Pomeroy v. Stevens, 11 Metc. 244; The Parker Mills v. Jacot, 8 Bosw. 161.
The defendant, then, when the attachment was served, did not come within any of the exceptions of the statute, and can claim its protection against the unrecorded bill of sale to the plaintiff; unless, as.claimed in behalf of the *484 plaintiff, it is to be construed as applying only to subsequent purchasers and mortgagees for a valuable consideration, and not to creditors. This objection would come with more force from a purchaser upon a consideration other than ar existing debt. In this case both the parties were creditors of Gamage, and each are striving to obtain the property upon their respective debts; neither, therefore, can claim a superior equity to the other. • Undoubtedly the statute was intended for the protection of subsequent loona-fide purchasers and mortgagees, but there is nothing in the language of the section to indicate a purpose to coniine its provisions to them alone. The language used renders an unrecorded sale as much invalid in favor of the liens obtained by creditors, as it does in favor of purchasers and mortgagees. We cannot hold otherwise without changing the obvious meaning of the section, and hold that to be valid which it declares shall not be valid. The act in question relates, like other recording acts, to conflicting interests and liens on property, withoflt reference to the particular mode in which they are acquired. Mott v. Ruckman, 3 Blatch. 71.
It is suggested that the act relates to the government revenue only, and that, if it has a broader application, the first section, to that extent, is in conflict with the constitution. These questions, we apprehend, are settled against the claim of the plaintiff, by the tribunal of last resort in the construction of the acts of Congress. White's Bank v. Smith, 7 Wal. 646; Aldrich v. Ætna, Ins. Co., 8 Wal. 491.
It is claimed, moreover, that as a creditor can take no better right by attachment than that of his debtor, the defendant must fail, as the debtor had parted with his interest in the property before the attachment. But at the time the boat was seized, the conveyance by which the debtor had parted with his interest, as we have seen, was invalid as to the attaching creditor; therefore, it could not be asserted against such creditor.
As to the defendant, Gamage held a leviable interest in the boat, and that was attached before the sale took effect as to the defendant. Gamage might have sold the boat to the *485 defendant to be applied on his debt, and if the defendant had procured the bill of sale to be recorded on the day the boat was attached, without notice of the sale to the plaintiff, it cannot be doubted but that the defendant would have held the boat'; for, with an equal equity, the defendant would have the prior legal right. That which might thus be obtained in payment on the defendant’s claim, might be subjected by legal process to apply thereon. It is the invalidity of the sale as to the defendant, and not the manner in which the defendant obtained the property, which defeats the plaintiff’s right against the defendant.
The statute is no less effective in favor of an attaching creditor without notice, than it is in favor of a purchaser; and to this effect are the authorities. Pomeroy v. Stevens, 11 Metc. 244; Potter v. Irish, 10 Gray, 416; The Parker Mills v. Jacot, 8 Bosw. 161.
The judgment of the common pleas is affirmed.
Brenkeehoff, C.J., and Scott, Welch, and White, JJ., concurred.